UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSHUA M. BERMAN,

      *Plaintiff,*

-*against*-

TYCO INTERNATIONAL LTD.
a Bermuda corporation, and
TYCO INTERNATIONAL (US) INC.
A Nevada corporation,

      *Defendants.*

Civ. No.: 08-CV-00043 (DAB)

Removed from New York
Supreme Court, County of
New York
Index Number: 07/604049

---

### VERIFIED ANSWER AND AFFIRMATIVE DEFENSES

Defendants Tyco International Ltd. ("Tyco Ltd.") and Tyco International (US) Inc. ("Tyco US") (Tyco Ltd. and Tyco US are collectively referred to as "Tyco"), by their attorneys, Beveridge & Diamond, P.C., as and for their Answer and Affirmative Defenses to the Complaint of Joshua M. Berman ("Berman"), state as follows:

### THE PARTIES

1. The allegations of paragraph 1 state conclusions of law to which no response is required. To the extent that a response is required, Tyco admits on information and belief that Berman is a citizen of the United States and maintains a residence in Switzerland, but denies the remaining allegations of paragraph 1.

2. The allegations of paragraph 2 state conclusions of law to which no response is required. To the extent that a response is required, Tyco admits that Tyco Ltd. is a corporation existing under the laws of Bermuda with its principal place of business in Bermuda. Tyco affirmatively alleges that Berman's use of the term "Tyco" throughout his Complaint to refer to Tyco US, Tyco Ltd. and Tyco Laboratories, Inc., without distinction, is improper and renders answers to his allegations impossible. Tyco cannot determine the actual entity to which Berman's allegations refer. Where practicable, Tyco has clarified the relevant entity in its answers.

3. The allegations of paragraph 3 state conclusions of law to which no response is required. To the extent that a response is required, Tyco admits that Tyco US is a corporation existing under the laws of Nevada. Tyco US denies the remaining allegations of paragraph 3 and affirmatively alleges that Tyco US is a wholly-owned subsidiary of Tyco Electronics, Inc. and that Tyco US's principal place of business is in California.

## VENUE

4. The allegations of paragraph 4 state conclusions of law to which no response is required. To the extent that a response is required, Tyco denies the allegations of paragraph 4.

## STATEMENT OF FACTS

**A.   Berman's Service to Tyco**

5. Tyco admits on information and belief that Berman is a lawyer and was a member of various law firms, including Kramer Levin Naftalis & Frankel LLP ("Kramer Levin"), but denies having knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 5.

6. Tyco admits on information and belief that Berman worked on matters involving Tyco, primarily in the area of corporate mergers and acquisitions, but denies having knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 6.

7. Tyco admits that, in or around 1966, Berman was elected as an officer of Tyco Laboratories, Inc., but otherwise denies the allegation of paragraph 7 as drafted.

8. Tyco admits that, in or around 1967, Berman was elected to the Board of Directors of Tyco Laboratories, Inc., but otherwise denies the allegations of paragraph 8 as drafted.

9. Tyco admits that Berman was elected to the position of and served as Chairman and Chief Executive Officer of Tyco Laboratories, Inc. from approximately 1970 to 1973, but otherwise denies the allegations in paragraph 9 as drafted.

10. Tyco admits that, in 1992, L. Dennis Kozlowski ("Kozlowski") became the Chairman and Chief Executive Officer of Tyco Ltd.

11. Tyco admits that, in 1997, Berman was elected Vice President of Tyco Ltd.

12. Tyco admits that during Kozlowski's tenure as Chief Executive Officer, Tyco Ltd. was active in corporate mergers and acquisitions, but denies the remaining allegations and characterizations of paragraph 12.

13. Tyco denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14. Tyco denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. Tyco denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. Tyco denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17. Tyco denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18. Tyco admits that in June 2002, the Board of Directors of Tyco Ltd. asked for and obtained Kozlowski's resignation and retained the law firm of Boies, Schiller & Flexner LLP ("Boies Schiller") to investigate certain transactions between Tyco Ltd. and/or Tyco US and certain of those entities' directors and officers, but otherwise denies the allegations of paragraph 18.

19. Tyco admits that John Fort, a Tyco Ltd. director, was elected and served as an interim chief executive officer of Tyco Ltd., but denies the remaining allegations and characterizations of paragraph 19.

20. Tyco admits the allegations of paragraph 20 regarding the Boies Schiller investigation as to Kozlowski and Swartz, their later convictions and sentencing, but denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations of paragraph 20.

21. Tyco admits that Tyco Ltd. has made Form 8-K filings with the United States Securities and Exchange Commission, and refers to those filings for a full and accurate statement of their contents. Tyco denies having knowledge and information sufficient to form a belief as to the truth of the remaining allegations and characterizations of paragraph 21.

22. Tyco admits that the compensation committee of the board of directors of Tyco Ltd. (the "Compensation Committee") met on June 18 and 21, 2002, but denies the remaining allegations of paragraph 22 as drafted.

23. Tyco admits that Steven W. Foss ("Foss") prepared a memorandum to the board of directors of Tyco Ltd. dated June 25, 2002, but denies the remaining allegations and characterizations of paragraph 23 and refers to the memorandum itself for a full and accurate statement of its contents.

24. Tyco admits that on or about June 25, 2002, the board of directors of Tyco Ltd. met, but denies the remaining allegations and characterizations of paragraph 24 and refers to the board minutes from that meeting for a full and accurate statement of their contents.

25. Tyco admits Berman authored a letter to the Compensation Committee, dated July 31, 2002, but denies the remaining allegations and characterizations of paragraph 25 and refers to the letter for a full and accurate statement of its contents. Tyco affirmatively alleges that, in the July 31, 2002 letter, Berman waived his right to participate in any Tyco benefit plan and agreed to hold Tyco harmless "for failure to provide to [him] any of the benefits available under the [Tyco] Benefit Plans."

26. Tyco denies having knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations of paragraph 26.

27. Tyco admits that, in July 2002, Edward D. Breen ("Breen") was recruited and elected President, Chairman and Chief Executive Officer of Tyco Ltd.

28. Tyco admits the allegations of paragraph 28.

29. Tyco denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30. The allegations of paragraph 30 regarding the July 31, 2002 letter state conclusions of law to which no response is required. To the extent a response is required, Tyco denies the allegations and characterizations of paragraph 30. Tyco affirmatively alleges that Berman voluntarily terminated any agreement with Tyco.

31. Tyco denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32. Tyco admits that, during the period July through November 2002, individuals within Tyco, Boies Schiller and other outside law firms retained by Tyco performed work relating to

matters that took place during the Kozlowski era, and further alleges that Berman was consulted with respect to such work. Tyco denies the remaining allegations and characterizations of paragraph 32.

33. Tyco denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34. Tyco admits the allegations of paragraph 34.

35. Tyco denies having knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations of paragraph 35.

36. Tyco admits that, on or about December 5, 2002, Berman resigned as a director and officer of Tyco Ltd., but denies the remaining allegations and characterizations of paragraph 36.

37. Tyco denies the allegations of paragraph 37.

**B.  The Severance Plan for Corporate Employees**

38. Tyco denies the allegations and characterizations of paragraph 38. Tyco affirmatively alleges that the Compensation Committee adopted a severance policy, that Berman is not and never was eligible for participation, and that Berman expressly waived any right to participate.

39. Tyco denies the allegations of paragraph 39.

40. Tyco admits that it has not paid Berman any severance pay and denies the remaining allegations and characterizations of paragraph 40.

**C.  Berman's Attempts to Be Paid His Compensation and Severance Pay**

41. Tyco admits that Berman wrote a memorandum to William Lytton ("Lytton") in February 2003, but denies the remaining allegations and characterizations of paragraph 41 and refers to the memorandum itself for a full and accurate statement of its contents.

Case 1:08-cv-00043-DAB   Document 4   Filed 01/10/2008   Page 7 of 11

42. Tyco admits that Lytton authored a letter to Berman dated March 11, 2003, but denies the remaining allegations and characterizations of paragraph 42 and refers to the letter itself for a full and accurate statement of its contents.

43. Tyco admits that Berman responded to Lytton on or about April 3, 2003, but denies the remaining allegations and characterizations of paragraph 43 and refers to the response itself for a full and accurate statement of its contents.

44. Tyco admits that Lytton authored a letter to Berman dated May 16, 2003, but denies the remaining allegations and characterizations of paragraph 44 and refers to the letter itself for a full and accurate statement of its contents.

45. Tyco admits that Berman wrote a letter to Lytton dated June 29, 2003, but denies the remaining allegations and characterizations of paragraph 45 and refers to the letter itself for a full and accurate statement of its contents.

46. Tyco admits that Berman wrote a letter to Breen dated January 10, 2006, but denies the remaining allegations and characterizations of paragraph 46 and refers to the letter itself for a full and accurate statement of its contents.

47. Tyco admits that Lytton wrote a letter to Berman dated March 30, 2006, but denies the remaining allegations and characterizations of paragraph 47 and refers to the letter itself for a full and accurate statement of its contents.

48. Tyco denies the allegations of paragraph 48.

49. Paragraph 49 does not contain allegations to which a response is required. To the extent a response is required, Tyco denies the allegations of paragraph 49.

**FIRST CLAIM FOR RELIEF**

50. Tyco repeats and realleges its answers to paragraphs 1 through 49 as if fully stated herein.

51. The allegations of paragraph 51 state conclusions of law to which no response is required. To the extent that a response is required, Tyco denies the allegations of paragraph 51.

## SECOND CLAIM FOR RELIEF

52. Tyco repeats and realleges its answers to paragraphs 1 through 51 as if fully stated herein.

53. The allegations of paragraph 53 state conclusions of law to which no response is required. To the extent that a response is required, Tyco denies the allegations of paragraph 53.

## THIRD CLAIM FOR RELIEF

54. Tyco repeats and realleges its answers to paragraphs 1 through 53 as if fully stated herein.

55. The allegations of paragraph 55 state conclusions of law to which no response is required. To the extent that a response is required, Tyco denies the allegations of paragraph 55.

56. Tyco denies the allegations of paragraph 56.

## FOURTH CLAIM FOR RELIEF

57. Tyco repeats and realleges its answers to paragraphs 1 through 56 as if fully stated herein.

58. The allegations of paragraph 58 state conclusions of law to which no response is required. To the extent that a response is required, Tyco denies the allegations of paragraph 58.

59. Tyco denies the allegations of paragraph 59.

## FIFTH CLAIM FOR RELIEF

60. Tyco repeats and realleges its answers to paragraphs 1 through 59 as if fully stated herein.

61. The allegations of paragraph 61 state conclusions of law to which no response is required. To the extent that a response is required, Tyco denies the allegations of paragraph 61.

62. The allegations of paragraph 62 state conclusions of law to which no response is required. To the extent that a response is required, Tyco denies the allegations of paragraph 62.

## SIXTH CLAIM FOR RELIEF

63. Tyco repeats and realleges its answers to paragraphs 1 through 62 as if fully stated herein.

64. The allegations of paragraph 64 state conclusions of law to which no response is required. To the extent that a response is required, Tyco denies the allegations of paragraph 64.

## TYCO'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

65. Berman's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

66. Berman's claims are barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

67. Berman's claims are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

68. Berman's claims are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

69. Berman's claims are barred by release.

### SIXTH AFFIRMATIVE DEFENSE

70. Berman's claims are barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

71. Berman was not an employee of Tyco and is not entitled to any compensation or remuneration as an employee.

### EIGHTH AFFIRMATIVE DEFENSE

72. To the extent that Berman was an employee of Tyco, Berman voluntarily terminated any such employment and is not entitled to any compensation or remuneration.

## NINTH AFFIRMATIVE DEFENSE

73. Berman is not eligible for severance benefits under any Tyco severance guidelines or plan and expressly waived any right to participate in any such benefits. Therefore, Berman is not entitled to any compensation or remuneration under any such guidelines or plan.

WHEREFORE, Defendants Tyco Ltd. and Tyco US request that this Court enter a judgment dismissing Berman's complaint, awarding Tyco Ltd. and Tyco US reasonable attorneys' fees and costs incurred in this action and granting any such further relief that this Court deems just, necessary and proper.

Dated: New York, New York
       January 10, 2008

Respectfully submitted,

BEVERIDGE & DIAMOND, P.C.

By: *John H. Kazanjian*
John H. Kazanjian (JK 6372)
Zackary D. Knaub (ZK 7830)
477 Madison Avenue, 15th Floor
New York, NY 10022-5802
(212) 702-5400
(212) 702-5450 (fax)

Attorneys for Defendants Tyco International Ltd. and Tyco International (US) Inc.

## VERIFICATION

STATE OF NEW YORK    )
                    )  SS.:
COUNTY OF NEW YORK  )

JOHN H. KAZANJIAN, ESQ., being duly sworn, deposes and says:

1. I am a member of the Bar of this Court and the law firm of Beveridge & Diamond, P.C., attorneys for Defendants Tyco International Ltd. and Tyco International (US) Inc. (collectively "Defendants") in this action, and I maintain an office in New York County.

2. Defendants Tyco International Ltd. and Tyco International (US) Inc. are foreign corporations and are not located in the county where I maintain an office.

3. I have read the within Verified Answer and Affirmative Defenses and know its contents. The pleading is true to the best of my knowledge, except as to those matters alleged upon information and belief, and as to those matters, I believe them to be true.

John H. Kazanjian, Esq. (JK 6372)

Sworn to before me this
10 day of January 2008.

Notary Public

MARIE L. LEHMANN
NOTARY PUBLIC, State of New York
No. 41-4806378
Qualified in Queens County
Commission Expires Sept. 30, 2010

88313v1 NewYork 011781